IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEVEN LEE KEPHART,<br><br>Plaintiff,<br><br>vs.<br><br>KASSEY KOENIG, BRANDY BASCHULT, CHRIS BOSEMONS, and DON WITMIRE,<br><br>Defendants. | 8:24CV401<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on a pro se Amended Complaint filed by plaintiff Steven Lee Kephart ("Plaintiff") on February 20, 2025. Filing No. 12. Plaintiff, a non-prisoner proceeding pro se, also filed a Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, which has been granted, Filing No. 6.

The Court is required to conduct an initial review of in forma pauperis complaints pursuant to 28 U.S.C. § 1915(e)(2), to determine if summary dismissal is appropriate. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Upon review of the Amended Complaint, this Court determines summary dismissal is appropriate. Specifically, Plaintiff failed to allege any jurisdictional basis under which this case can proceed and failed to state a claim on which relief may be granted. However, for the reasons that follow,

Plaintiff will again be given leave to file a second amended complaint alleging individual capacity claims against defendant Koenig under 42 U.S.C. § 1983.

The "'threshold requirement in every federal case is jurisdiction,'" and, before the merits of a matter can be addressed, the Court must establish it has subject matter jurisdiction over the dispute, and if not, it must dismiss the case. *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) (quoting *Sanders v. Clemco Indus.,* 823 F.2d 214, 216 (8th Cir.1987)). Federal courts can adjudicate *only* those cases that the Constitution and Congress authorize them to adjudicate which generally are those in which: 1) the United States is a party; 2) a federal question is involved; or 3) diversity of citizenship exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

In his form Amended Complaint Plaintiff left the section asking "[w]hat is the basis for federal court jurisdiction," blank. Filing No. 12 at 3. However, in the section immediately following Plaintiff lists several institutional regulations as a basis for federal jurisdiction. Plaintiff also filled in his name and the name of one of the defendants in the section addressing diversity jurisdiction. *See Id.* As such this Court shall address the Amended Complaint as alleging jurisdiction both under federal question and diversity.

"The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (quoting 28 U.S.C. § 1332(a)(1)). The Court cannot exercise diversity jurisdiction over a matter "unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978). As Plaintiff lists both himself and one of the defendants as citizens of Nebraska,

there is not complete diversity, rendering this Court unable to exercise jurisdiction over the matter under 28 U.S.C. § 1332.

A case presenting a federal question arises under the Constitution, laws, or treaties of the United States (as opposed to the laws of the individual states). *In re Otter Tail Power Co.*, 116 F.3d 1207, 1213 (8th Cir. 1997) (citing 28 U.S.C. § 1331). "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *State of New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975). Here, while Plaintiff cites to prison or other state institutional regulations as a basis for jurisdiction, such regulations do not require interpretation of federal law. Finally, as the United States is not a party to this action, it is clear as pleaded that this Court does not have jurisdiction over the dispute. As such, Plaintiff has not provided this Court with a jurisdictional basis under which to proceed.

"Subject-matter jurisdiction can *never* be waived or forfeited." *In re Otter Tail*, 116 F.3d at 1213 (emphasis added) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012)). This means this Court cannot adjudicate this matter without having the jurisdiction to do so. And, because Plaintiff has not provided this Court with a jurisdictional basis under which it may proceed, and as this Court does not have the authority to waive the subject matter jurisdiction requirement, this Court cannot adjudicate Plaintiff's case as pleaded.

However, the Court notes that although Plaintiff did not cite to 42 U.S.C. § 1983, it may provide Plaintiff a basis under which to proceed. Under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute *and also* must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added); *Buckley v. Barlow*,

3

997 F.2d 494, 495 (8th Cir. 1993). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49.

Here, Plaintiff brings official capacity claims against defendants Kassey Koenig ("Koenig"), Brandy Baschult ("Baschult"), Chris Bosemons ("Bosemons"), and Don Witmire ("Witmire"), all of whom were employees at the Norfolk Regional Center (the "NRC"), at the time the allegations in the Amended Complaint took place. Filing No. 12 at 2, 4, 6–8. Plaintiff also appears to sue defendant Koenig in her individual capacity. Filing No. 12 at 4 (stating that Koenig "did act in her personal capacity" when sexually abusing and harassing Plaintiff). Specifically, Plaintiff's individual and official capacity claims against defendant Koenig arise from Koenig's alleged sexual abuse of Plaintiff, and he sues defendants Baschult, Bosemons, and Witmire in their official capacities for failing to report the abuse and for failure to prevent further abuse by Koenig. Filing No. 12 at 4.

While such actions by state employes generally meet the color of law requirement for Section 1983, Plaintiff's official capacity claims against all defendants must be dismissed for the same reasons this Court noted in its initial review of the previously filed complaint: Eleventh Amendment sovereign immunity. *See* Filing No. 10 at 3–4. Plaintiff does not sue defendants Baschult, Bosemons, or Witmire in their individual capacities, and as he seeks only monetary damage as relief,[1] and as defendants Baschult,

---

[1] As in his initial complaint, Plaintiff also seeks release and transfer to out-patient treatment. Filing No. 12 at 8. As previously explained, such relief is not appropriate here. *See* Filing No. 10 at 4 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (explaining that when a state prisoner "seeks . . . a determination that he is entitled to immediate release or a speedier release from . . . imprisonment, his sole federal remedy is a writ of habeas corpus."); *Carter v. Bickhaus*, 142 F. App'x 937, 938 (8th Cir. 2005) (unpublished) (affirming dismissal of civilly committed detainee's claims for damages and

4

Bosemons, and Witmire are all state employees,[2] *see* Filing No. 12 at 2, 4, the claims against them must be dismissed as the Eleventh Amendment bars claims for monetary damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity, *see* Filing No. 10 at 3 (citing *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995)).

This leaves only the claim against Koenig in her individual capacity for sexual abuse and harassment. Specifically, Plaintiff alleges that from November 2023 to June 2024, Koenig "sexually abused" Plaintiff, including making "sexually suggestive comments about [Plaintiff's] body and [Koenig's], with obscene language written in private correspondence [to Plaintiff]." Filing No. 12 at 6. Plaintiff further alleges that Koenig eventually was terminated from her position to "cover up" her treatment of Plaintiff. *Id.* at 4, 7.

To state a § 1983 claim, Plaintiff must allege claims which constitute a violation of rights protected by the United States Constitution or created by federal statute. In this aspect, Plaintiff's Complaint fails.

First, to the extent Plaintiff intends to allege a claim for failure to follow any institutional procedure, there is no description of the procedure which applies to a claim against Koenig. Plaintiff cites to institutional policies relating to investigation, staff training and education, anti-retaliation measures, and first responder duties, but none of these appear to apply to

---

injunctive relief as *Heck*-barred, and holding he could not seek release as method of relief under §1983, but instead had to seek release in habeas corpus petition after he exhausted his state remedies)).

[2] Official capacity claims against individuals are construed as claims against the individual's respective public employer. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("A suit against a public employee in his or her official capacity is merely a suit against the public employer."). Here Baschult, Bosemons, and Witmire are employed by NRC which is a state instrumentality. *See* Filing No. 10 at 3 (citing *Pointer v. Lincoln Reg'l Ctr.*, No. 8:08CV80, 2008 WL 2773859, at *2 (D. Neb. July 14, 2008)).

5

Koenig's alleged sexual abuse of Plaintiff. *See e.g.* Filing No. 12 at 3, 7–8. While the regulatory definition for sexual abuse appears to relate to Plaintiff's claims against Koenig, definitions do not provide a cause of action. And, this Court is unable to enforce institutional policies and instead may only address claims relating to policies that involve a *constitutionally protected interest*. *See Gonzales v. Boyd*, No. 8:23CV462, 2024 WL 5158785, at *1 (D. Neb. Dec. 17, 2024) (emphasis added) (citing *Bushner v. Reynolds*, No. 2:24-CV-1861, 2024 WL 2206213, at *10 (S.D. Ohio May 16, 2024)). As such, citation to institutional policy does not provide this Court with a federal jurisdictional basis to proceed.

Although not alleged by Plaintiff, prisoners can, in certain circumstances, state an Eighth Amendment claim for nonconsensual sexual harassment under 42 U.S.C. § 1983. *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (collecting cases). These Eighth Amendment standards also apply to civilly committed detainees such as Plaintiff. *See e.g. Blaise v. Smith*, No. C08-4097-MWB, 2009 WL 10698025, at *4 (N.D. Iowa Feb. 9, 2009). To prevail on such a claim "an inmate must therefore prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." *Id.* (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).

Alleged physical touching accompanied by verbal sexual harassment has been found to implicate the Constitution in such an instance. *See Baker v. Tallant*, No. 14-cv-4104 (SOH/BAB), 2015 WL 4716311, at *3 (W.D. Ark. Aug. 7, 2015) (citing *Seltzer-Bey v. Delo*, 66 F.3d 961, 962–63 (8th Cir. 1995)). For example, in *Delo* the Eighth Circuit found that a prison officer's sexual comments coupled with daily strip searches and rubbing of the prisoner's buttocks with a night stick implicated the Eighth Amendment. A prison

officer's daily pat-down searches, tickling, and deliberate examination of a prisoner's genital areas also was found to implicate the Eighth Amendment. *See Watson v. Jones*, 980 F.2d 1165, 1165–66 (8th Cir. 1992).

In *Berryhill v. Schriro*, 137 F.3d 1073, 1074–75 (8th Cir. 1998), however, the Eighth Circuit considered whether a prisoner had established he had sustained an objectively serious physical or psychological injury and found that he did not. In doing so, the *Berryhill* Court noted that "[a]ccording to Berryhill's deposition testimony, the brief touch to his buttocks lasted mere seconds, it was not accompanied by any sexual comments or banter, and he thought the defendants were trying to embarrass him, not rape him." *Id.* at 1076. While it is unclear how "significant" the touching must be in order to implicate the Eighth Amendment in the Eighth Circuit, *see e.g. Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012) ("An unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights whether or not the force exerted by the assailant is significant."), some indication of the nature of the touching must be supplied for a claim to proceed.

Here, Plaintiff's Amended Complaint contains allegations of repeated verbal comments and gestures of a sexual nature made to him by Koenig, but the Complaint contains no specific allegations regarding what the comments and gestures were, or how often they were made. Filing No. 12 at 6–7. And, while Plaintiff also alleges Koenig inappropriately touched him, there is no indication in the Amended Complaint where he was touched or how often the touching occurred. *See Id.* at 4. Without more specificity, Plaintiff's Eighth Amendment claim against Koenig in her individual capacity cannot proceed.

As such, on the Court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file a second amended complaint that

7

sufficiently describes his claims against Koenig. *Plaintiff should be mindful to clearly explain what Koenig did to him, when and how often she did it, how her actions harmed him, and what specific legal rights Plaintiff believes she violated.*

IT IS THEREFORE ORDERED that:

1. Defendants Brandy Baschult, Chris Bosemons, and Don Witmire are dismissed from this action without prejudice as Plaintiff's official capacity claims against them cannot proceed. For the same reasons, Plaintiff's official capacity claims against defendant Kassey Koenig are also dismissed without prejudice.

2. Plaintiff is granted 30 days in which to file a second amended complaint alleging individual capacity claims against Koenig.

Plaintiff is reminded that in his amended complaint he must include all of the claims he wishes to pursue against Koenig. Plaintiff should be mindful to explain in his second amended complaint what Koenig defendant did to him, when and where she did it, and how Koenig's actions harmed him. While Plaintiff may restate the facts and claims made in the Amended Complaint, Filing No. 12, Plaintiff must be sure to provide a complete listing of claims and facts in support of those claims in his second amended complaint.

3. The Clerk of the Court is directed to send Plaintiff the Form Pro Se 14 ("Complaint for Violation of Civil Rights (Prisoner)").

4. Failure to file a second amended complaint by the deadline set forth in this order shall result in the dismissal of Plaintiff's case without further notice.

5. Should Plaintiff require further time to comply with this Memorandum and Order he must move for an extension, in writing, prior to the expiration of the deadline for compliance.

6. The Clerk's office is directed to set pro se case management deadlines in this case using the following text: **June 16, 2025**: check for second amended complaint.

Dated this 15th day of May, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge