IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEVEN LEE KEPHART, <br><br> Plaintiff, <br><br> vs. <br><br> KASSEY KOENIG, and CHRIS BOSEMONS, <br><br> Defendants. | 8:24CV401 <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff Steven Lee Kephart's second amended complaint. Filing No. 16. Plaintiff is currently confined in the Norfolk Regional Center (NRC). The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). For the reasons stated herein, the matter will proceed to service of process.

## I. BACKGROUND

Plaintiff's initial complaint was filed on October 15, 2024. Filing No. 1. Upon initial review, the Court concluded Plaintiff had failed to state a claim. Plaintiff was granted leave to file an amended complaint. Filing No. 10. Plaintiff timely filed an amended complaint on February 20, 2025. Filing No. 12. Upon initial review of the amended complaint, the Court found diversity jurisdiction did not exist because there was no diversity of citizenship, and Plaintiff failed to allege a claim under federal law, including under 42 U.S.C. § 1983. The Court therefore lacked subject matter jurisdiction. Plaintiff was granted leave to amend. Filing No. 14. The second amended complaint was

timely filed on June 11, 2025, Filing No. 16. For the reasons stated herein, the matter will proceed to service of process.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even

pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## III. DISCUSSION

Plaintiff has sued Kassey Koenig, a former NRC employee, and Chris Bosemons, the NRC administrator, in their individual capacities to recover damages under 42 U.S.C. § 1983. To state a § 1983 claim, Plaintiff must allege facts showing "the conduct complained of was committed by a person acting under color of state law," and this conduct deprived him of "rights, privileges, or immunities secured by the Constitution or laws of the United States." *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999).

### A. Request for Release

Plaintiff requests discharge from NRC. That relief must be obtained, if at all, by filing a habeas petition. Plaintiff cannot obtain an order of release in a case requesting recovery under § 1983. *Heck v. Humphrey*, 512 U.S. 477 (1994).

### B. Claims against Koenig

Plaintiff alleges Koenig, while working at NRC, sexually harassed him both verbally and physically. Sexually harassing or abusing a confined person can never serve a legitimate purpose, may well result in severe physical and psychological harm, and can, in certain circumstances, constitute the unnecessary and wanton infliction of pain in violation of the Eighth Amendment.[1] *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997). To allege an

---

[1] Plaintiff also lists the "PREA" as a basis for recovery. However, the PREA does not create a private right of action that can be filed by an individual civil litigant. *Franks v. Neb. Dept. of Corr. Servs. of Tecumseh*, No. 4:22-CV-3233, 2024 WL 4335933, at *6 (D. Neb. Sept. 27, 2024); *East v. State of South Dakota*, 2023 WL 1991424, at *5 (D. S.D. 2023); *LeMasters v. Fabian*, No. 09-CV-702, 2009 WL 1405176, at *2 (D. Minn. May 18, 2009) (collecting cases).

3

Eighth Amendment[2] claim for sexual abuse, an inmate must allege facts showing the alleged abuse objectively caused pain and, subjectively, the officer in question acted with a sufficiently culpable state of mind. *Id.*

Here, Plaintiff alleges that without his consent, Koenig stroked parts of Plaintiff's body in a sexual manner while making comments of a sexual nature. He alleges the sexual assaults occurred twice a month, Koenig sexually harassed him verbally twice a week, and as a result, he suffered anxiety, nightmares, and retaliation from the NRC staff, and his NRC commitment has been extended. Filing No. 15 at 5. Plaintiff requests an award of damages, and discharge from NRC. *Id.* Based on these allegations, Plaintiff has alleged facts supporting a finding that Koenig's alleged actions and statements objectively caused pain to Plaintiff, and subjectively, Koenig had a sufficiently culpable state of mind. *Watson v. Jones*, 980 F.2d 1165, 1166 (8th Cir. 1992) (holding sexual harassment and physically intrusive pat-down searches of an inmate which occurred nearly daily for two months stated an Eighth Amendment violation). Plaintiff's second amended complaint states a plausible claim for recovery against Koenig.

**C. Claim against Bosemons**

Plaintiff names Bosemons as a defendant, but his second amended complaint contains no allegations against Bosemons in his individual capacity. Perhaps Plaintiff is alleging Bosemons, as the NRC administrator, is responsible for the conduct of Koenig, who was formerly employed by NRC. "It is well settled that § 1983 does not impose respondeat superior liability." Hughes v. Stottlemyre, 454 F.3d 791, 798 (8th Cir. 2006) (quotations omitted).

---

[2] Because Plaintiff is an involuntarily committed patient, the Court recognizes that the Fourteenth Amendment applies to his § 1983 claims, but the Court applies Eighth Amendment standards because an involuntary committed patient's "confinement is subject to the same safety and security concerns as that of a prisoner". *Revels v. Vincenz*, 382 F.3d 870, 874 (8th Cir. 2004).

4

To state a § 1983 claim, a plaintiff must allege that the defendant was personally involved in or had direct responsibility for incidents that resulted in injury. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Moreover, Plaintiff has not alleged Bosemons knew of Koenig's alleged sexual misconduct before it was allegedly discovered by security staff and Koenig's employment was terminated as a result. Plaintiff's allegations do not state a claim of failing to adequately supervise Koenig or failing to protect Plaintiff from Koenig's advances. *See, e.g.*, *Dean v. Bearden*, 79 F.4th 986, 989 (8th Cir. 2023).

Plaintiff appears to be claiming NRC—perhaps through Bosemons, its administrator—should have reported Koenig's conduct to the police and provided employee training. But these forms of injunctive relief provide no remedy to Plaintiff personally for Koenig's alleged conduct, and they cannot be awarded to him in this litigation.

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Plaintiff's claims against Chris Bosemons must be dismissed for failure to state a claim. Plaintiff's request for release from NRC is dismissed as *Heck*-barred.

For purposes of initial review, Plaintiff's second amended complaint, Filing No. 16, states a claim against Koenig under 42 U.S.C. § 1983 for sexual assault and harassment in violation of the Eighth Amendment. However, **the Court cautions Plaintiff that this is only a preliminary determination based on the allegations found within the Amended Complaint. This is not a determination of the merits of Plaintiff's claims or potential defenses thereto**. This matter will proceed to service of process as set forth below.

Accordingly,

IT IS ORDERED

1. Only Plaintiff's Eighth Amendment claim against Kassey Koenig, in her individual capacity, may proceed.

2. The Clerk of Court is directed to terminate Chris Bosemons, in his individual capacity, as a defendant. The Clerk of Court is further directed to update the caption to reflect that "Kassey Koenig, in her individual capacity," is the sole defendant.

3. Plaintiff's second amended complaint may proceed to service of process against Kassey Koenig, in her individual capacity.

4. For service of process on Kassey Koenig, in her individual capacity, the Clerk of Court is directed to obtain the last known address for defendant Kassey Koenig from the Marshals Service.

5. Upon obtaining the necessary address, the Clerk of Court is directed to complete and issue summons for Kassey Koenig in her individual capacity at the address provided by the Marshals Service and forward the summons and the necessary USM-285 form together with a copy of the second amended complaint, Filing No. 16, and this memorandum and order, to the U.S. Marshal for service on the defendant.

6. The Marshals Service shall serve Kassey Koenig, in her individual capacity, by certified mail or other authorized method of service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (prescribed method for serving an individual).

7. For service by certified mail or designated delivery service, the Marshals Service shall serve the defendant within ten days of the Clerk of the Court issuing and forwarding the summons to the Marshals Service. *See* Neb. Rev. Stat. § 25-505.01(1).

8. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[3]

9. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, on the Court's own motion, Plaintiff is granted an extension of time until 90 days from the date of this order to complete service of process on Kassey Koenig.

10. Plaintiff is hereby notified that failure to obtain service of process on Kassey Koenig within 90 days of the date of this order may result in dismissal of this matter without further notice. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

11. The Clerk of Court is directed to set a pro se case management deadline in this case using the following text: **January 2, 2026**: service of process to be completed.

12. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

---

[3] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g., Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

Dated this 3rd day of October, 2025.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge